IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Selina Clim, | : | |
| | : | Case No. 1:17-cv-243 |
| Plaintiff/Counterclaim Defendant, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Defendant's Motion for |
| Cincinnati Bell Telephone Company, LLC, | : | Summary Judgment and Denying as Moot Plaintiff's Motion for Summary |
| | : | Judgment |
| Defendant/Counterclaim Plaintiff. | : | |

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 30) and Plaintiff's Motion for Summary Judgment (Doc. 31). Plaintiff Selina Clim, an African-American woman over the age of forty, sued Defendant Cincinnati Bell Telephone Company, LLC for discrimination after she was fired from her job. Cincinnati Bell filed counterclaims to recover an unused "paid time off" payment it made to Clim after she was fired. Cincinnati Bell moved for summary judgment on all claims, and Clim moved for summary judgment only on the counterclaims against her.

The Court heard oral argument on the pending motions on November 26, 2018. Cincinnati Bell announced at that time that it no longer contested Clim's motion as to its counterclaims against her. Subsequently, on December 5, 2018, the parties submitted a Stipulation of Dismissal of Counterclaim. (Doc. 43.) The Court, therefore, must resolve only Cincinnati Bell's motion as to Clim's claims against it.

**I.**

Clim has asserted claims for race, age, and disability discrimination under federal and state law, gender discrimination under state law, and retaliation under the Family and Medical Leave Act. Significantly, Cincinnati Bell conceded at oral argument that, for purposes of

summary judgment, Clim could establish a prima facie case of age, sex, and race discrimination because she was in the protected classes, was qualified for her position, was terminated, and was replaced by a younger, male, white employee.  The Court concludes that genuine issues of material fact remain in dispute including, but not limited to, the following:

- Whether Clim received sufficient training on how to recognize and respond to alarms;
- Whether Clim violated existing company policy for responding to alarms during each incident for which she was disciplined;
- Whether managers exercised discretion in a non-discriminatory manner when issuing discipline;
- Whether the alleged violations of company policy by the purported similarly-situated employees were of comparable seriousness as the alleged violations by Clim;
- Whether other employees slept on the job, but were not disciplined;
- For what reason Cincinnati Bell delayed permitting Clim to transfer shifts;
- Whether Clim had or was perceived as having a disability that substantially limited a major life activity or activities; and
- Whether Cincinnati Bell did a sufficient investigation before terminating Clim.

Cincinnati Bell, therefore, is not entitled to summary judgment on the claims against it.

## II.

Accordingly, Defendant's Motion for Summary Judgment (Doc. 30) is **DENIED** and Plaintiff's Motion for Summary Judgment (Doc. 31) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated this 13th day of December, 2018.

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge
